# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| NEW SOURCE ENERGY PARTNERS, L.P., | Case No. 16-10642 (CSS) |
| Debtor. | |
| In re: | Chapter 7 |
| NEW SOURCE ENERGY GP, LLC, | Case No. 16-10643 (CSS) |
| Debtor. | **Hearing Date: May 4, 2016 at 12:15 p.m.**<br>**Objection Deadline: April 27, 2016 at 4:00 p.m.** |

**MOTION OF DAVID W. CARICKHOFF, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 105, 365, AND 554 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 6007 AUTHORIZING THE CHAPTER 7 TRUSTEE TO REJECT THE UNEXPIRED LEASE OF NON-RESIDENTIAL REAL ESTATE AND TO ABANDON CERTAIN FURNITURE, FIXTURES AND EQUIPMENT**

David W. Carickhoff, Chapter 7 Trustee (the "Trustee") of the estates of New Source Energy Partners, L.P. and New Source Energy GP, LLC (collectively, the "Debtors"), by and through his undersigned proposed counsel and pursuant to sections 105(a), 365(a) and 554 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Trustee to (i) reject certain unexpired lease of non-residential real estate and (ii) abandon certain furniture, fixtures, and equipment related thereto. In support of this Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157 (b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a), 365(a), and 554 of the Bankruptcy Code, as well as Bankruptcy Rules 6006 and 6007.

## BACKGROUND

4. On March 15, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

5. David W. Carickhoff has been appointed as chapter 7 trustee of the Debtors' estates.

6. The section 341(a) meeting of creditors is scheduled for April 11, 2016.

7. Prior to ceasing operations, the Debtors focused on the delivery of energy through streamlined operations and vertical integration. The Debtors were actively engaged in the development and production of onshore oil and liquids that extended across conventional resource reservoirs in east-central Oklahoma. In addition, the Debtors engaged in oilfield services that specialized in increasing efficiencies and safety in drilling and completion processes through its oilfield services division.

8. Prior to the Petition Date, as part of its business operations, the Debtors entered into a lease agreement for the property known as Cadillac Building, 914 N. Broadway OKC, Suite 100, Oklahoma City, OK 73102, (the "Leased Premises") dated as of August 28, 2013 (the "Lease").

9. Certain office furniture, fixtures and equipment, including but not limited to, a conference table and chairs, cubicles, computer monitors, desks and desk chairs (the "FF&E")

may remain at the Leased Premises which is of insubstantial value for the Estates and/or owned by the landlord or other parties.[1]

## RELIEF REQUESTED AND BASIS THEREFOR

10. By this Motion, the Trustee respectfully requests the entry of an order pursuant to sections 105(a), 365(a), and 554 of the Bankruptcy Code, authorizing the rejection of the Lease and abandonment of the FF&E. The Trustee requests that rejection of the Lease and abandonment of the FF&E be effective as of the Petition Date.

**A.     Rejection of Leases**

11. Section 365 of the Bankruptcy Code provides, in relevant part, that a "trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

12. The decision to assume or reject an unexpired lease or executory contract is a matter within the "business judgment" of the trustee. See, e.g., National Labor Relations Board v. Bildisco (In re Bildisco), 6825 F.2d 72, 79 (3d Cir. 1982). The rejection of an unexpired lease or executory contract is appropriate where rejection of the lease would benefit the estate. Sharon Steel Corp. v. National Fuel Gas Distribution Corp., 872 F.2d 36, 40 (3d Cir. 1989); see also, In re Rickel Home Ctrs., Inc., 209 F.3d 291 (3rd Cir. 2000).

13. The Trustee submits that there is sound business judgment for the rejection of the Lease. The Lease holds no material economic value to the Estates as the Debtors vacated the Lease Premises prior to the Petition Date. The rejection of the Lease will eliminate the Trustee's obligation to perform under the Lease pursuant to section 365(d)(3) of the Bankruptcy Code, and the accrual of any associated administrative expenses. Accordingly, the Trustee submits that the

---

[1] While the Debtors' bankruptcy schedules indicate approximately $752,000.00 worth of FF&E, approximately $740,000.00 worth of the alleged FF&E is software. It is not clear why software was included in the value of FF&E, but it is not the Trustee's intent to abandon any software.

rejection of the Lease is within his sound business judgment and is in the best interest of the Debtors' estates and their creditors.

B.     **Effective Dates of Rejection**

14.    Bankruptcy courts are empowered to grant retroactive rejection of executory contracts and unexpired leased under sections 105(a) and 365(a) of the Bankruptcy Code. See, e.g., Thinking Machines Corp. v. Mellon Fin. Serv. Corp. (In re Thinking Machines Corp.), 67 F.3d 1021, 1028 (1st Cir. 1995 (recognizing that bankruptcy courts are courts of equity that may enter orders authorizing retroactive rejection); In re Amber's Stores, Inc., 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (same).

15.    The Trustee respectfully requests that the rejection of the Lease be effective as of the Petition Date.

C.     **Abandonment of FF&E**

16.    While the Trustee believes that the Debtors' business records have been removed from the Leased Premises prior to the proposed effective date of rejection and placed in storage, the Trustee does not intend on removing certain of the FF&E, and requests authority to abandon such FF&E.

17.    Section 554 of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554. See, In re New Century TRS Holdings, Case No. 07-10416 (Bankr. D. Del. April 24, 2007) (Carey, J.).

18.    The bulk of the FF&E located at the Leased Premises has little or no resale value and the cost of removal exceeds the amount of any potential sale.

4

19. The Trustee has determined that it would be more cost-effective to abandon the FF&E than to transport, store, and sell the FF&E. As a result, the decision to abandon the FF&E is supported by the Trustee's sound business judgment and is in the best interest of the Estates' creditors.

## NOTICE

20. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the non-Debtor counterparty to the Lease, through its respective counsel, if any; (iii) counsel to any secured lender; and (iv) all parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

21. No prior motion for the relief requested herein has been made to his or any other court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests entry of an order, substantially in the form attached hereto, authorizing the rejection of the Lease as of the Petition Date, authorizing the abandonment of certain of the FF&E, and granting such other and further relief as is just and equitable.

Dated: March 31, 2016          By: /s/ Jennifer L. Dering  .
                                                       Jennifer L. Dering (#4918)
                                                       ARCHER & GREINER
                                                       A Professional Corporation
                                                       300 Delaware Avenue, Suite 1100
                                                       Wilmington, DE   19801
                                                       Telephone:  302-777-4350
                                                       Facsimile:  302-777-4352
                                                       Email:  jdering@archerlaw.com
                                                       *Proposed Attorneys for Chapter 7 Trustee*

113847767v1